Andre Eka SUSANTO, Petitioner,

v.

Michael B. MUKASEY, Attorney General, Respondent.

No. 05–70919.

United States Court of Appeals, Ninth Circuit.

Submitted June 18, 2008.*

Filed July 8, 2008.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

---

Philip James Smith, Hecht & Smith, Portland, OR, for Petitioner.

Ronald E. LeFevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Greg D. Mack, Margot L. Nadel, U.S. Department of Justice, Civil Div./Office of Immigration Lit., Christopher C. Wang, U.S. Department of Justice, Civil Rights Division/Appellate Section, Washington, DC, for Respondent.

Before: REINHARDT, LEAVY, and W. FLETCHER, Circuit Judges.

## MEMORANDUM **

Andre Eka Susanto, a native and citizen of Indonesia, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing an appeal from an immigration judge's ("IJ") decision denying his application for asylum and withholding of removal. Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence the agency's denial of withholding of removal, *Hakeem v. INS,* 273

F.3d 812, 816 (9th Cir.2001), and deny the petition for review.

■ The record does not compel the conclusion that the changed circumstances or extraordinary circumstances exceptions excused the untimely filing of Susanto's asylum application. *See Ramadan v. Gonzales,* 479 F.3d 646, 648, 657 (9th Cir.2007).

■ Substantial evidence supports the IJ's denial of withholding of removal because there is no evidence that Susanto or anyone in his family has ever been charged, arrested or physically harmed on account of their ethnicity or religion. *See Hakeem,* 273 F.3d at 817. Furthermore, even assuming the disfavored group analysis set forth in *Sael v. Ashcroft,* 386 F.3d 922 (9th Cir.2004) applies in the context of withholding of removal, Susanto has not demonstrated the requisite level of individualized risk necessary to compel a finding of a clear probability of future persecution. *See Hoxha v. Ashcroft,* 319 F.3d 1179, 1184–85 (9th Cir.2003); *cf. Sael,* 386 F.3d at 927–29. Lastly, the record does not establish that Susanto demonstrated a pattern or practice of persecution. *See Lolong v. Gonzales,* 484 F.3d 1173, 1181 (9th Cir.2007) (no pattern or practice where petitioner failed to show that all other ethnic Chinese Christians in Indonesia have a well-founded fear of future persecution). Accordingly, Susanto's withholding of removal claim fails.

**PETITION FOR REVIEW DENIED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.